UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cr-00066-TWP-DML |
| | ) | |
| DAVION ANDREWS, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on a Motion to Dismiss filed by Defendant Davion Andrews ("Andrews") (Filing No. 21) against Plaintiff the United States of America (the "Government") for violation of the Speedy Trial Act, 18 U.S.C. § 1361 *et seq*. Andrews' jury trial--on two counts of Possession of a Firearm by a Convicted Felon and Possession of Ammunition by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1)--is scheduled to begin on November 1, 2021 (Filing No. 45). For the following reasons, the Court **denies** his motion.

## I.     DISCUSSION

The Speedy Trial Act (the "Act") provides that the trial of a defendant must commence within seventy days from the date he is indicted or brought before a judicial officer, whichever occurs later. 18 U.S.C. § 3161(c)(1). If the defendant is not brought to trial within the seventy days specified in the Act, "the information or indictment shall be dismissed on motion of the defendant." *United States v. O'Connor*, 656 F.3d 630, 635–36 (7th Cir. 2011); *see* § 3162(a)(2).

Andrews was arrested by Indiana State Police on January 22, 2021 and charged with Unlawful Possession of a Firearm by a Serious Violent Felon in the Marion Superior Court, under Cause Number 49D21-2101-F4-002637 (Filing No. 21 at 2). The state court charges were dismissed on March 8, 2021. *Id.*

The Indictment in this case was filed on March 2, 2021, (*see* Filing No. 1). Andrews alleges that this Court issued a federal warrant following the filing of an indictment based on the January 22, 2021 arrest and the warrant was executed on or about March 8, 2021. He contends that he was arrested on March 3, 2021, pursuant to the federal indictment charging him with Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) (Filing No. 21 at 2). He alleges that "appeared before a Magistrate on or about March 8th 2021 [sic] to have his initial appearance." *Id.* According to Andrews, the seventieth day under the Act was reached on May 8, 2021, and "the statutory limitation for trial under the Speedy Trial Act has been exceeded by nearly 120 days." *Id.* at 4. Andrews further asserts that his charged federal offense "does not contain the requisite nexus affecting interstate commerce or of substantially affecting economic activities for purposes of establishing the jurisdictional element inherent in satisfying the necessary components of probable cause." *Id*. at 6. He argues that dismissal is warranted on this basis because he did not travel in interstate commerce. *Id.* at 7.

Andrews is mistaken in several regards. He was not arrested on March 3, 2021 following the federal indictment (Filing No. 21 at 2), rather, he was in state custody on another matter when the Government's petition for a Writ of Habeas Corpus *ad prosequendum* was filed and granted on August 30, 2021 (Filing No. 12). It was only after the writ was granted that Andrews was arrested and arraigned on the federal indictment. *Id.*; *see* (Filing No. 16). Andrews did not appear before a Magistrate on or about March 8, 2021 to have his initial appearance. Although a hearing was scheduled for that date, no hearing was held and the record reflects "DISREGARD DOCKETED IN ERROR". (Filing No. 10). Andrews actually made his initial appearance in federal court before a Magistrate Judge on September 3, 2021 (Filing No. 16). His case is scheduled for trial on November 1, 2021—which is within seventy days of his September 3, 2021 initial appearance—

accordingly, the Government has not violated the Act. *United States v. Bell*, 925 F.3d 362, 373 (7th Cir. 2019) ("The Speedy Trial Act . . . requires that a defendant's trial begin within 70 days of the defendant's indictment or first appearance, whichever comes later.").

The Government's argument and cited case law concerning Andrews' contention that the indictment should be dismissed because his charges do not "contain the requisite nexus affecting interstate commerce or of substantially affecting economic activities," is well-taken. (*See* [Filing No. 21 at 6](#)). Because the Government intends to present evidence that the "firearm that is the subject of Count One," along with the "rounds of ammunition that are the subject of Count Two, were manufactured outside the State of Indiana," (*see* [Filing No. 60 at 4](#)) and traveled in interstate commerce before being found in this District, Andrews' argument is insufficient to warrant dismissal of the indictment. *See Scarborough v. United States*, 431 U.S. 563, 566 (1977) (affirming interstate commerce nexus requirement of possession offense was satisfied by proof that the subject firearm had previously traveled in interstate commerce).

## II.     CONCLUSION

For the reasons explained above, the Court **DENIES** Andrews' Motion to Dismiss ([Filing No. 21](#)), and the prosecution of this criminal matter may continue.

**SO ORDERED.**

Date:   10/13/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DAVION ANDREWS
62832-509
MARION COUNTY JAIL
MARION COUNTY JAIL
Inmate Mail/Parcels
40 South Alabama Street
Indianapolis, IN 46204

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
michelle.brady@usdoj.gov

Dominic David Martin-Standby Counsel
INDIANA FEDERAL COMMUNITY DEFENDERS
dominic_d_martin@fd.org