UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cr-00066-TWP-DML |
| | ) | |
| DAVION ANDREWS, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**ENTRY RESPONDING TO BOP REQUEST**

This matter is before the Court on a letter from the BOP of Prisons ("BOP") requesting guidance as to whether Defendant Davion Andrews' ("Mr. Andrews") federal sentence should run consecutive or concurrent to Mr. Andrews' state court sentence. The Court appointed Mr. Andrews IFCD counsel to appear for the limited purpose of responding on Andrews' behalf and directed the Government to also state its position. Having considered the parties positions, the Court concludes that Mr. Andrews' sentences must run consecutively.

## I.   BACKGROUND

On August 8, 2022, Mr. Andrews was sentenced by this Court to 51-months imprisonment for being a felon in possession of a firearm. This was Mr. Andrews' fourth criminal conviction regarding his illegal possession of firearms, having been previously convicted in the Marion Superior Court, Indianapolis, of Carrying a Handgun without a License in 2013; Carrying a Handgun without a License with a Prior in 2016; and Unlawful Possession of a Firearm by a Serious Violent Felon in 2020. In the 2020 case (No. 49D21-1905-F4-19730) Mr. Andrews was sentenced to ten years community corrections, five years suspended and one year probation. At the time Mr. Andrews' federal sentence was imposed, he was still pending a violation of probation

and community corrections in Case No. 49D21-1905-F4-19730, due to his arrest for the instant federal offense.

At the federal sentencing hearing on August 8, 2022, defense counsel requested that the federal sentence be served concurrent with any sentence imposed for the anticipated community corrections violation. This Court declined to make such a determination, choosing to defer to the state court regarding sentence execution.[1] Subsequently, when Mr. Andrews' community corrections was revoked in state court, he received a 1,015-day sentence. The state court's sentencing order was silent on whether their sentence would run consecutively or concurrently with the federal sentence. BOP records indicate Mr. Andrew completed his state sentence on July 1, 2023.

On December 12, 2024, the BOP requested guidance from the Court on how Mr. Andrews' federal sentence should run with respect to the state sentence (Filing No. 104). Mr. Andrews' counsel agues the two sentences should be served concurrent versus consecutive, in part because a lower guidelines range would be applicable if sentencing were held today. (Filing No. 106). Specifically, his criminal history category would be level IV instead of V, reducing his guidelines range to 41 to 51 months. The Government contends pursuant to both statute and BOP Policy, under the circumstances here, the state and federal sentences must run consecutively. (Filing No. 107 at 3). The Government also points out that a review of BOP documents reflect that as of early January 2025, Mr. Andrews had two pending disciplinary reports. (Filing No. 107-1).

---

[1] The Court's exact statement was "You know what? Whenever a state court tries to tell me to run something concurrent or consecutive, I don't really appreciate it because I think each judge should be able to make that decision. I am going to deny that request, and his attorney in state court can make that argument and [the state court judge can] make a determination as to whether -- if he gets a revocation, that it be served concurrent or consecutive to this sentence. (Filing No. 100 at 21:18–24)

## II.     LEGAL STANDARD

Title 18 U.S.C. § 3584 governs the imposition of concurrent or consecutive sentences and therefore controls. The statute expressly provides that "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." *Id.* This statutory presumption of consecutive sentences applies by law in the absence of a specific order from either this Court or the state court.

In *Setser v. United States*, 566 U.S. 231, 235 (2012), the Supreme Court held that under § 3584, federal district courts have discretionary authority to order that a federal sentence run consecutively or concurrently with an anticipated state sentence. "Judges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings." *Id.* at 236. In dicta, the Court emphasized that while district courts possess this authority, they are not required to exercise it, noting that in some cases, it may be preferable for the district court to decline to make a determination. *Id.* at 242, n.6. In such instances, the district court may properly defer to the state court in deciding whether the sentences should run consecutively or concurrently. *See United States v. Hoffman*, 847 F. 3d 878, 882–83 (7th Cir. 2017).

The Seventh Circuit Court of Appeals further clarified in *United States v. Olsem*, 37 F.4th 1354, 1356 (7th Cir. 2022), that *Setser* does not impose an obligation to make such a determination. "We have twice reiterated a sentencing court's discretion under *Setser* includes the discretion *not* to decide the relationship between an imposed federal and anticipated state sentence." *Id.* at 1357 (emphasis in original). A district court's decision to defer to state courts on the concurrent or

3

consecutive decision falls within its broad discretion in sentencing matters, as long as the federal court acknowledges that it has this discretion. *Id.* at 1356.

### III.    DISCUSSION

During the federal sentencing hearing, this Court expressly stated that it would not interfere with the decisions of the state court in this matter despite having the capability to do so (Filing No. 100 at 21:18–24). The Supreme Court has held that federal district courts have discretionary authority to order a federal sentence to run either consecutively or concurrently with an anticipated state sentence, but the Supreme Court also held that district courts are not required to exercise this power. This decision was strengthened by the Seventh Circuit's decision in *Olsem*, confirming that while district courts may order concurrent or consecutive sentences under *Setser*, courts are not obligated to make such a determination. The Seventh Circuit recognized that a district court's decision to defer to state courts on the concurrent or consecutive decision falls squarely within its broad discretion in sentencing matters.

At the time of Mr. Andrews' federal sentencing, this Court exercised its discretion to defer to the state court regarding the execution of the sentences. This decision aligns with both *Setser* and *Olsem*. In the sentencing hearing, this Court explained that defense counsel may make a request in state court to have Mr. Andrews' sentences served concurrently (Filing No. 100 at 22:18–24). Since the state court rendered its decision and remained silent on the concurrent/consecutive issue, under 18 U.S.C. § 3584(a), the sentences are presumed to run consecutively.

Despite the mandate of 18 U.S.C. § 3584(a), Mr. Andrews is "free to urge the BOP to credit his time served in state court." *Setser*, 566 at 244. "If the BOP initially declines to do so, he may raise his claim through the BOP's Administrative Remedy Program. And if that does not work, he

may seek a writ of habeas corpus." *Id.* (citations omitted). This Court does not express any opinion on the likelihood of success on those proceedings.

### IV.   CONCLUSION

For the reasons stated above, the Court declines to modify its prior decision to defer to the state court regarding the execution of Mr. Andrews' sentences. While this Court had the discretion to decide whether the sentences should run consecutively or concurrently, this Court properly chose to defer to the judgment of the state court. As the state court remained silent on whether the sentences should run consecutively or concurrently, pursuant to 18 U.S.C. § 3584(a), Mr. Andrews' sentences are presumed to run consecutively. As previously stated, it is not the intention of this Court to interfere with or override the decisions properly within the purview of the state court.

**SO ORDERED**.

Date:   1/27/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
michelle.brady@usdoj.gov

Dominic David Martin
INDIANA FEDERAL COMMUNITY DEFENDERS
dominic_d_martin@fd.org

By Mail:

Kathy Williams, Section Chief
Federal BOP of Prisons
Designation and Sentence Computation Center
346 Marine Forces Drive
Grand Prairie, Texas 75051